UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD MILEWSKI,

Petitioner,

v.

NETHANJAH BREITENBACH,

Respondent.

Case No. 3:26-cv-00057-ART-CSD

ORDER

*Pro se* Petitioner Richard Milewski has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, an application for leave to proceed *in forma pauperis* ("IFP"), and a motion for counsel. (ECF Nos. 1 ("IFP Application"), 1-1 ("Petition"), 1-5 ("Motion for Counsel").) This Court finds good cause exists to grant Milewski's IFP Application. As such, this matter comes before this Court for initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Milewski's Motion for Counsel. For the reasons discussed below, this Court directs service of the Petition and grants the Motion for Counsel.

## I.    BACKGROUND[1]

Milewski challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Richard Milewski*, C-14-296831-1. On December 8, 2017, following a jury trial, the state court enter a Judgment of Conviction, adjudging Milewski guilty of 14 counts of lewdness with a child under the age of 14 and 2 counts of sexual assault with a child under the age of 14. The state court sentenced Milewski to an aggregate of 210 years to life in prison. Milewski appealed, and the Nevada Supreme Court

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/portal) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

affirmed on April 16, 2020. *Richard F. Milewski v. State of Nevada*, No. 74788. Remittitur issued on May 11, 2020.

Milewski filed a state habeas petition on February 16, 2021. *Richard Milewski v. Warden Garrett*, A-21-829460-W. The state court denied the petition on July 1, 2024. Milewski appealed, and the Nevada Court of Appeals affirmed on October 21, 2025. *Richard F. Milewski v. Warden Garrett*, No. 88935-COA. Remittitur issued on November 12, 2025.

## II.    DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). This Court finds that a response is warranted in the instant case.

This Court now turns to Milewski's Motion for Counsel. (ECF No. 1-5.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

2

Following review of the Petition and the Motion for Counsel, the Court will provisionally appoint the Federal Public Defender to represent Milewski. The Court finds that appointment of counsel is in the interests of justice given, among other things, Milewski's life sentence and the complexities of this case.

**III.   CONCLUSION**

It is therefore ordered that the IFP Application (ECF No. 1) is granted.

It is further kindly ordered that the Clerk of Court (1) file the Petition and its attachments (ECF Nos. 1-1, 1-2, 1-3, and 1-4), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically send Respondents' counsel a copy of the Petition with its attachments (ECF Nos. 1-1, 1-2, 1-3, and 1-4), this Order, and all items previously filed in this case by regenerating the Notices of Electronic Filing, (4) send the Federal Public Defender a copy of this Order and the Petition with its attachments (ECF Nos. 1-1, 1-2, 1-3, and 1-4), and (5) send a copy of this Order to Milewski and the CJA Coordinator for this division.

It is further ordered that Respondents' counsel enter a notice of appearance within 14 days of entry of this Order. No further response will be required until further order.

It is further ordered that the Motion for Counsel (ECF No. 1-5) is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Milewski by filing a notice of appearance or (2) indicate the office's inability to represent Milewski in these proceedings. If the Federal Public Defender is unable to represent Milewski, the Court will appoint alternate counsel. Appointed counsel will represent Milewski in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Milewski remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, this Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz,* 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED THIS 30th day of January 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE